USA v. Breynin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         DEBRA ANN LIVINGSTON,
                     Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                      13-2204

ALEKSEY BREYNIN,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:              Amy Busa and Amanda Hector,
                           Assistant United States
                           Attorneys, Of Counsel, for
                           Loretta E. Lynch, United States
                           Attorney for the Eastern
                           District of New York, Brooklyn,
                           New York.

1

**FOR APPELLANT:**                    Colleen P. Cassidy, Of Counsel,
                                      Federal Defenders of New York,
                                      Inc., New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **REMANDED** to the district court.

Aleksey Breynin appeals from a judgment of conviction entered on June 24, 2013, sentencing him chiefly to 24 months' imprisonment.  He primarily challenges the district court's imposition of certain sentencing enhancements.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On January 3, 2012, Breynin pleaded guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, for his involvement in a multi-year scheme in which he and co-conspirators in Eastern Europe used account information stolen from credit card holders in the United States to purchase merchandise that was ultimately shipped to various locations in Eastern Europe.

At sentencing, the district court accepted the Government's request for two two-level enhancements to Breynin's U.S. Sentencing Guidelines base offense level of 16, finding that Breynin's offense involved "trafficking of any unauthorized access devices," U.S.S.G. § 2B1.1(b)(11)(B)(I), and that "a substantial part of the scheme was committed outside of the United States," U.S.S.G. § 2B1.1(b)(10)(B).  Consequently, Breynin's total offense level was 20 and his Guidelines range was 33 to 41 months' imprisonment.  Absent these enhancements, the Guidelines range would have been 21 to 27 months.

Breynin claims that these enhancements were imposed in error.  Of particular importance to this appeal is whether the purchase of credit card numbers, without more, can be considered "trafficking" in access devices within the meaning of U.S.S.G. § 2B1.1(b)(11)(B)(i).  Resolution of this close question would require us to make new law, which we are reluctant to do unless it would likely make a difference in Breynin's ultimate sentence.  <u>See</u> <u>United States v. Jass</u>, 569 F.3d 47, 68 (2d Cir. 2009) ("Where we

identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing.").

The district court acknowledged that the application of the contested enhancements was a "close call," Tr. of Sentencing, at 60, May 29, 2013, but indicated that it was inclined to impose a 24-month sentence regardless of whether the enhancements applied. See id. at 61 ("I think I'd end up giving the same sentence no matter how the [G]uidelines came out in this case."). Accordingly, we remand the case pursuant to the procedure outlined in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), to solicit the district court's view as to whether it is confident that it would impose the same sentence regardless of the disputed enhancements. The district court may also conduct such further sentencing proceedings as it deems appropriate.

The panel retains jurisdiction to hear Breynin's appeal once the district court has responded. We respectfully invite the district court to act with celerity, at the latest within seventy-five calendar days of the date of this decision.

For the foregoing reasons, we hereby REMAND the case to the district court. After the district court has made its determination, either party may restore jurisdiction to this Court by filing with the Clerk a letter (along with a copy of the relevant order or transcript) advising the Clerk that jurisdiction should be restored. The returned appeal will be assigned to this panel and an additional notice of appeal will not be needed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK